BLUE JEANS CORPORATION v. PINKERTON, INC.

No. 8013DC690

(Filed 3 March 1981)

**Contracts § 27.2; Negligence § 2– security service – failure to report leaky roof – no breach of contract or negligence**

In an action to recover damages from leaks in the roof of plaintiff's building due to unusual weather while defendant's guards provided security service for the building, summary judgment was properly entered for defendant where defendant's evidence on motion for summary judgment established the existence of a written contract between the parties which required defendant's guards to be alert and respond only to fire, theft, trespass and vandalism, plaintiff's evidence showed only prior or contemporaneous negotiations which were merged into the written contract, and the evidence thus showed no contractual or other legal duty by defendant's guards to be alert and respond to weather conditions and roof leaks.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 4 April 1980 in District Court, COLUMBUS County. Heard in the Court of Appeals 5 February 1981.

Plaintiff, a North Carolina corporation engaged in the manufacture of garments, brought this action seeking to recover from defendant, a corporation engaged in the security field, damages sustained by plaintiff, based on breach of contract and negligence.

Plaintiff alleged in its complaint the existence of a contract between the parties wherein defendant promised to provide to plaintiff an asset protection service. This service included furnishing security guards who would routinely inspect the manufacturing and storage buildings at plaintiff's plant in Whiteville. Such inspections were to be performed at least once every hour and defendant's guards were to notify plaintiff of any hazard whatsoever threatening plaintiff's assets.

Plaintiff further alleged that at some time during the weekend of 12 November to 15 November 1976 while defendant's security guards were on duty, one of plaintiff's warehouses sprang tremendous leaks in its roof due to unusual weather, and that fabrics stored in the warehouse suffered water damage in the amount of $7,300 as a result. By failing to observe and/or to report to plaintiff the hazardous condition of the warehouse roof, the security guards were negligent and

such negligence caused the damage to plaintiff's property. Plaintiff also alleged that the guards' failure to inspect the warehouse and/or to report the leaks constituted contract breaches that caused the property damage.

In its answer, defendant relied *inter alia* on the contract between the parties. The service authorized by the contract was as follows: "Guard will be alert and respond to and report on conditions of fire, theft, trespass and vandalism." Defendant alleged that under the contract there was no duty to seek out leaks in the plaintiff's building.

Defendant moved for summary judgment. In ruling on defendant's motion, the trial judge considered the following: the affidavits of the two security guards assigned to plaintiff's plant on 12-15 November, stating that they were instructed to be on the lookout for fire, theft, trespass and vandalism, and not weather conditions or leaks; the affidavit of defendant's district manager, including a copy of the agreement between the parties; the affidavit of plaintiff's vice president, stating that the pre-contractual negotiations between the parties included representations by defendant that it would provide security with regard to fire as well as other acts of God including weather; a letter from defendant to plaintiff detailing the security services defendant offered; and the security service reports prepared by defendant's two guards with regard to their shift at plaintiff's plant on 12-15 November.

The trial court granted defendant's motion for summary judgment and plaintiff has appealed.

*Lee & Lee, by J.B. Lee, for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee.*

WELLS, Judge.

On motion for summary judgment, the burden on the moving party is to establish that there is no genuine issue as to any material fact remaining to be determined. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E. 2d 584, 586 (1980). If the movant carries this burden by showing that an essential element of the opposing party's claim is non-existent, then the burden shifts to the non-moving party to either show that a

genuine issue of material fact does exist or provide an excuse for not so doing. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 469-70, 251 S.E. 2d 419, 421-22 (1979).

Defendant's evidence properly before the court established the existence of the written contract between the parties in the form of a letter confirming plaintiff's order for services, signed by both parties, and specifying the service authorized, the hours of service, and the charges and rates. In clear and unambiguous language, the contract stated the conditions to which defendant's guards would be alert and respond: fire, theft, trespass and vandalism. Clear and express language of a contract controls its meaning, and neither party may contend for an interpretation at variance with its language on the ground that the writing did not fully express his intent. *Olive v. Williams*, 42 N.C. App. 380, 383, 257 S.E. 2d 90, 93 (1979). *See also Taylor v. Gibbs*, 268 N.C. 363, 365, 150 S.E. 2d 506, 507 (1966); 3 Corbin on Contracts § 573, at 357 (1960). Considered alone, the contract shows that an essential element of plaintiff's claim is non-existent, *i.e.*, defendant had no contractual duty to be alert to and report on weather conditions or roof leaks. Having carried its burden, defendant forced plaintiff to produce a forecast of its evidence. *See Moore v. Fieldcrest Mills, Inc., supra.*

In its affidavit in response to defendant's motion for summary judgment, plaintiff's vice president stated that in precontractual oral negotiations, defendant's agents represented that defendant's service would provide a complete asset protection respecting all emergencies and acts of God including weather. Plaintiff also submitted a copy of a letter from defendant to plaintiff detailing the services defendant offered. Plaintiff's forecast of evidence fails to establish the existence of a genuine issue of material fact. Plaintiff has not controverted the validity of the written contract. Even if the parties did in fact discuss duties in addition to those named in the contract, such prior or contemporaneous negotiations are presumed to be merged in the written contract, *Fox v. Southern Appliances*, 264 N.C. 267, 270, 141 S.E. 2d 522, 525 (1965), and are therefore without effect. *Realty, Inc. v. Coffey*, 41 N.C. App. 112, 115, 254 S.E. 2d 184, 186 (1979).

Defendant's evidence also established the lack of any genuine issue of material fact with regard to plaintiff's negli-

gence claim. To recover damages for injury resulting from actionable negligence of defendant, plaintiff must show the existence of some legal duty owed to plaintiff by defendant, as well as defendant's breach of that duty, and that the breach was the proximate cause of plaintiff's injury. *McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E. 2d 457, 461 (1972). Because defendant's uncontroverted evidence proved that the contract created no duty of defendant to be alert and respond to weather conditions and roof leaks, plaintiff has failed to show an essential element of its negligence claim, *i.e.*, the existence of the duty. *Moore v. Fieldcrest Mills, Inc., supra.*

Considerning all the evidence before the trial court on defendant's motion for summary judgment, we conclude that defendant established his right to judgment as a matter of law and that summary judgment for defendant was properly granted.

Affirmed.

Judges ARNOLD and HILL concur.