TAROKH TAEFI v. VERNON R. STEVENS AND JOANNE B. STEVENS

No. 8026SC967

(Filed 1 September 1981)

1. **Vendor and Purchaser § 8— breach of contract to purchase—measure of damages**

In an action for breach of a contract to purchase real property where there is evidence of damages other than the difference between the contract price and the market value of the property, the damaged party may recover for them; therefore, in plaintiff's action to recover from defendants for their failure to complete the purchase of a house and lot, evidence was sufficient for the jury to find that plaintiff incurred expenses including mortgage payments, closing costs, newspaper advertisements for the sale of the house, a "for sale" sign, and maintenance of the house and lawn, and the jury could find that such items could have been within the contemplation of the parties at the time of the breach of the contract.

2. **Damages § 9; Vendor and Purchaser § 8— breach of contract to purchase property—duty to minimize damages**

In an action to recover for defendants' breach of contract to purchase a house and lot from plaintiff, the trial court did not err in admitting testimony as to the mortgage payments by plaintiff from the time defendants breached the contract until plaintiff ultimately sold the property, and evidence of plaintiff's renting an apartment rather than living in the house was for the jury's consideration as to whether plaintiff took reasonable action to minimize his damages.

3. **Vendor and Purchaser § 3.1— contract to purchase land—sufficiency of description**

In an action to recover for defendants' breach of a contract to purchase a house and lot, there was no merit to defendants' contention that the contract did not comply with the Statute of Frauds because the description of the property as "5532 Providence Road" was too ambiguous for the contract to be enforced, since the description was latently ambiguous and could be made definite by extrinsic evidence.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 14 July 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 April 1981.

This is an action for breach of contract. The plaintiff alleged that he entered into a contract with the defendants to sell a house and lot he owned in Charlotte to the defendants on or before 31 August 1975 for the sum of $46,000.00, which contract the defendants breached by refusing to consummate the sale. The plaintiff prayed for $8,271.63 in damages. The defendants denied

the material allegations of the complaint and pled the statute of frauds as a defense. The defendants also counterclaimed for a judgment in the amount of $500.00 which amount they alleged they had delivered to the plaintiff with the understanding that it be returned if the contract did not become effective.

The plaintiff's evidence tended to show that the parties entered into a contract to sell the defendants a certain parcel of real estate known as 5532 Providence Road on or before 31 August 1975 for a price of $46,000.00; that on or about 14 August 1975, the defendants notified the plaintiff they would not purchase the property; that the plaintiff then listed the property again and sold it on 28 October 1977 for a price of $46,000.00. The plaintiff testified that in his opinion the fair market value of the house and lot was $46,000.00 at the time the defendants refused to consummate the sale. The plaintiff testified over the objection of the defendants that he incurred the following expenses from 31 August 1975 until 28 October 1977 in connection with the sale of the house: mortgage payments of $305.00 per month; $315.00 as a part of the closing costs when he sold the house; $206.64 in newspaper advertisements for the sale of the house; $41.64 for a "for sale" sign posted in front of the house; $264.76 for house maintenance and $1,091.25 for lawn maintenance.

The defendant Vernon Stevens testified that he and his wife negotiated for the purchase of the house and lot through a real estate agent; that they signed the contract but told the agent it was not to be effective until they had sold a house and lot which they owned. He testified he had delivered $500.00 to the real estate agent which was to be applied to the purchase price of the house if the contract became effective.

The jury answered the issues favorably to the plaintiff and awarded the plaintiff $1,500.00. The court granted the defendants' motion for judgment notwithstanding the verdict, and the plaintiff appealed.

*Perry, Patrick, Farmer and Michaux, by Roy H. Michaux, Jr., for plaintiff appellant.*

*William H. Booe (now deceased) and Richard A. Cohan for defendant appellee.*

WEBB, Judge.

[1] The resolution of the question as to whether the court committed error in granting the judgment notwithstanding the verdict depends on the measure of damages to which the plaintiff is entitled. The only evidence of damage, which was admitted over the objection of the defendant, was testimony as to mortgage payments, expenses of selling the property, and house and yard maintenance. The defendant contends that the proper measure of damages is the difference between the contract price and the market value at the time of the breach, and evidence as to other items of damage could not support the verdict. The defendant relies on *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964); *LeRoy v. Jacobosky*, 136 N.C. 443, 48 S.E. 796 (1904); *Rodman v. Robinson*, 134 N.C. 503, 47 S.E. 19 (1904). These cases state the rule as the defendants contend but in none of these cases was there evidence of other damages flowing from the breach.

The rule is stated in 77 Am. Jur. 2d *Vendor and Purchaser* § 489 (1975) as follows:

> "In general, the basis upon which damages will be assessed against a vendee for breach of his executory contract to purchase real estate is compensation to the vendor for the loss or injury sustained by him by reason of the vendee's breach, the amount, however, to be limited to such damages as may reasonably be supposed to have been within the contemplation of the parties when they made the contract as the probable result of the breach. Generally, the measure is the difference between the contract price and the market value of the land at the time of the breach, giving the vendee credit for any sums paid by him on the purchase price, or in other words, the difference between the unpaid balance of the principal and the market value of the property at such time." (Footnotes omitted)

*Johnson v. Sidbury*, 226 N.C. 345, 38 S.E. 2d 82 (1946) is a case which was tried on the theory of a breach of contract to sell real estate. The plaintiff was allowed to recover "the difference between the purchase price of the land as fixed in the bond for title and its reasonable market value at the time of the breach, less the sum 'due and owing upon the contract,' plus 'such sum as you (jury) find necessary to fully compensate the plaintiff for any in-

jury sustained by him, directly flowing from, and proximately caused by, the wrongful act of the defendant.' "

We believe that when there is evidence of damages other than the difference between the contract price and market value of the property, the damaged party may recover for them. *See Aiken v. Andrews*, 233 N.C. 303, 63 S.E. 2d 645 (1951). We see no reason why the measure of damages for breach of contract in real estate transactions should be different from other contract actions. *See Troitino v. Goodman*, 225 N.C. 406, 35 S.E. 2d 277 (1945).

We believe the jury could find the items of damage to which the plaintiff testified could have been within the contemplation of the parties at the time of the breach of the contract. We hold there was evidence to support the verdict for the plaintiff, and it was error to grant the defendants' motion for judgment notwithstanding the verdict.

[2] The defendants also assign error to the admissions of the testimony as to the mortgage payments by the plaintiff from 31 August 1975 until 28 October 1977. The defendants contend the plaintiff was under a duty to minimize his damages during this period and the evidence showed he rented an apartment rather than live in the house. The defendants argue that for this reason, evidence of the mortgage payments was inadmissible. We agree with the defendants that the plaintiff was under a duty to minimize his damages. *See Halsey  Co. v. Knitting Mills*, 38 N.C. App. 569, 248 S.E. 2d 342 (1978). This does not make this evidence inadmissible, however. Testimony of mortgage payments was admissible as to damages, and the evidence of the plaintiff's renting an apartment rather than living in the house was for the jury's consideration as to whether the plaintiff took reasonable action to minimize his damages. The defendants did not assign error to the jury charge on this feature of the case and apparently the jury took into account the plaintiff's failure to minimize his damages. The verdict was substantially less than it could have been on the evidence.

[3] The defendants in their last assignment of error contend that the contract does not comply with the statute of frauds, G.S. 22-2. The defendants contend that the description of the property as "5532 Providence Road" is too ambiguous for the contract to be

enforced. *Lane v. Coe, supra,* deals with a contract to convey real estate in which the description was "house and lots on 601 highway where [Charlie Coe's] residence is . . . ." Our Supreme Court held this was a sufficient description to comply with the statute of frauds. The Supreme Court said a description is patently ambiguous if it leaves the subject of the contract in a state of absolute uncertainty and refers to nothing extrinsic by which it might be possibly identified with certainty. A patently ambiguous description does not comply with the statute of frauds. The Supreme Court said when a description is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made, it contains a latent ambiguity. A description which is latently ambiguous complies with the statute of frauds. By the test of *Lane v. Coe, supra,* we believe the description in the case sub judice is latently ambiguous. The contract has "Charlotte, N.C." and "Mecklenburg County" in its heading. It describes the parcel of real estate as "5532 Providence Road." It says Tarokh Taefi has sold the lot to the defendants. We believe that from this description a lot at 5532 Providence Road in Charlotte, North Carolina, owned by the plaintiff at the time the contract was signed, could be made definite by extrinsic evidence. We hold this description complies with the statute of frauds.

The plaintiff assigned error to the court's failure to direct a verdict in his favor on the defendants' counterclaim and to give him a peremptory instruction on the counterclaim. The jury answered the issue favorably to the plaintiff on the counterclaim. We hold any error the court may have made on this issue was not prejudicial to the plaintiff.

For reasons stated in this opinion, we reverse the judgment of the superior court and order that the court enter judgment on the verdict for the plaintiff.

Reversed and remanded.

Judges HEDRICK and ARNOLD concur.