TAROKH TAEFI v. VERNON R. STEVENS AND JOANNE B. STEVENS

No. 148A81

(Filed 3 March 1982)

**Vendor and Purchaser § 8— breach of contract to purchase—measure of damages —pertinent time**

> In an action for breach of a contract to purchase real estate, the vendor is entitled to recover items of damages which were within the contemplation of the parties at the time the contract was entered rather than at the time of the breach.

ON defendants' petition for discretionary review, pursuant to G.S. § 7A-31, of a decision of the Court of Appeals, 53 N.C. App. 579, 281 S.E. 2d 435 (1981), reversing the action of the trial judge in setting aside a verdict for the plaintiff and entering judgment notwithstanding the verdict in favor of the defendants at the 7 July 1980 Session of Superior Court, MECKLENBURG County.

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., Attorneys for Plaintiff-Appellee.*

*Richard A. Cohan, Attorney for Defendant-Appellants.*

---

Chandler v. Teer Co.

---

PER CURIAM.

The facts are adequately stated in the opinion of the Court of Appeals. Defendants contend that the Court of Appeals has incorrectly stated the rule for damages in a breach of contract for the sale of real estate. We do not agree. We have carefully reviewed the opinion of that court and the briefs and authorities relating to defendants' contentions. We conclude that the result reached by the Court of Appeals, its reasoning, and the legal principles enunciated by it are correct and adopt that opinion as our own with a single minor modification. After correctly quoting the rule stated in 77 Am. Jur. 2d *Vendor and Purchaser* § 489 (1975) to the effect, in pertinent part, that the compensation to which the vendor is entitled is "limited to such damages as may reasonably be supposed to have been within the contemplation of the parties *when they made the contract* . . ." (emphasis added), the writer of the opinion, in subsequently stating that court's belief that the jury could find that certain items of damages could have been within the contemplation of the parties at the pertinent time, used the words "*at the time of the breach of the contract.*" (emphasis added). We believe this was obviously inadvertent and that the writer intended the proper time of determination to be when the contract to purchase was entered into.

Except as herein modified, the decision of the Court of Appeals is affirmed.

Modified and affirmed.