LONNIE R. LANGLEY AND WIFE, MILDRED F. LANGLEY AND FRANCES HEDGEPETH LANGLEY v. MARY LOU MOORE

No. 822DC1128

(Filed 18 October 1983)

1. **Vendor and Purchaser § 5.1— contract to convey realty — specific performance — vendor's ownership of only portion of fee**

In an action seeking specific performance of a contract to convey realty and damages for the portion of the realty that defendant vendor was unable to convey, plaintiff vendees were not prohibited from obtaining specific performance because the vendor did not own the full fee but only owned a one-half undivided interest in the property, and the trial court properly entered partial summary judgment for plaintiffs on the issue of defendant's liability where plaintiffs showed the existence of a valid contract to convey; defendant admitted that plaintiffs have performed those acts required by the contract which entitle the plaintiffs to the execution and delivery of a deed from defendant; and defendant offered no affidavit or other proof to support her allegation that plaintiffs knew that she owned only one-half of the property and would need her son's signature to acquire full title to the property.

2. **Courts § 14.1— motion to transfer case to another trial division—disposition of case**

> Whether to proceed in an action pending a motion to transfer it to another trial division rests within the sound discretion of the trial court, and the district court did not abuse its discretion in denying defendant's motion to stay all proceedings and in disposing of the case while defendant's motion to transfer the case to the superior court division was pending in the superior court. G.S. 7A-258(f).

APPEAL by defendant from *Ward, Judge*. Judgment entered 24 August 1982 in District Court, BEAUFORT County. Heard in the Court of Appeals 21 September 1983.

*Rodman, Holscher & Francisco by Edward N. Rodman for plaintiff appellees.*

*Wayland J. Sermons, Jr., for defendant appellant.*

BRASWELL, Judge.

The present controversy concerns a contract to convey certain real property in Beaufort County, North Carolina. The plaintiff-vendees seek specific performance of the contract and damages for the portion of the property that the defendant-vendor is unable to convey. The plaintiffs at trial were granted partial summary judgment on the issue of the defendant's liability. The amount of damages to be awarded the plaintiffs has not yet been decided. The defendant appeals.

On 18 November 1977, the plaintiffs and the defendant entered into a contract for the conveyance of real property in Beaufort County described as "Lot No. 11 as shown on map entitled 'Property of Henry E. Moore.'" The contract recites that the defendant is the owner of Lot No. 11 and is also the owner of a separate lot on which the "Old Moore's Store" is located. The plaintiffs, as required by the contract, must demolish the store building, remove all concrete blocks and debris, and use these blocks to replace a bulkhead which lies across the front of Lot No. 11. Within sixty days of the completion of these tasks, the defendant must execute and deliver a general warranty deed in fee simple of Lot No. 11 to the plaintiffs.

The defendant has refused to deliver the deed to Lot No. 11 to the plaintiffs. She contends that they are not now entitled to

specific performance of the contract because she does not own the full fee, but only a one-half undivided interest in the property. In her answer to the complaint, the defendant states that the plaintiffs knew "that any contract which she entered into represented only a ½ undivided interest in the property and that it would be necessary before the contract was binding on all parties for them to obtain the signature of her son, Tommy Moore," the owner of the remaining one-half interest.

In the defendant's amended answers to plaintiffs' request for admissions, the defendant admits that: (1) Exhibit A, the contract referred to in the complaint and her answer, is a true and correct copy of their agreement; (2) the plaintiffs have demolished the "Old Moore's Store"; (3) the plaintiffs have removed the concrete blocks and debris from the demolished building to replace a bulkhead as required by the contract; (4) she owned an interest in the property at the time of the execution of the contract; and (5) she has refused to deliver a deed to lot No. 11 to the plaintiffs.

At the hearing on plaintiffs' motion for summary judgment, the defendant interposed an oral motion to stay all proceedings pending a hearing of the defendant's motion to transfer the case to the Superior Court Division. The defendant's motion to stay was denied.

[1]  Although the defendant has made several assignments of error, the determinative issue in this case is whether the trial court erred in granting the plaintiffs' motion for partial summary judgment. We hold the trial court committed no error. While disposing of this appeal on the merits, we note its interlocutory nature, but have found this controversy substantial to warrant present disposition. *See Davis v. Mitchell*, 46 N.C. App. 272, 265 S.E. 2d 248 (1980).

Summary judgment is properly granted "when the pleadings and supporting materials show that no genuine issue as to any material fact exists, and the movant is entitled to a judgment as a matter of law." *Loy v. Lorm Corp.*, 52 N.C. App. 428, 437, 278 S.E. 2d 897, 904 (1981). As in the present case, G.S. 1A-1, Rule 56(c) allows summary judgment to "be rendered on the issue of liability alone although there is genuine issue as to the amount of damages." The moving party has the initial burden of showing that there is no triable issue of fact; "then the burden shifts to the

non-moving party to either show that a genuine issue of material fact does exist or provide an excuse for not doing so." *Blue Jeans Corp. v. Pinkerton, Inc.*, 51 N.C. App. 137, 138-39, 275 S.E. 2d 209, 211 (1981).

In the present case, the plaintiffs have met their burden that no genuine issue of fact exists which would prevent this contract from being specifically enforced. "The party claiming the right to specific performance must show the existence of a valid contract, its terms and either full performance on his part or that he is ready, willing, and able to perform." *Munchak Corp. v. Caldwell,* 301 N.C. 689, 694, 273 S.E. 2d 281, 285 (1981). This contract on its face meets the requirements of a contract for the sale of real property: by being in writing and signed by the parties; by containing an adequate description of the real property; by reciting a sum of consideration; and by embodying all salient terms and conditions of their agreement. *See generally Yaggy v. B.V.D. Co.*, 7 N.C. App. 590, 173 S.E. 2d 496, *cert. denied*, 276 N.C. 728 (1970). *See also* Webster's Real Estate Law in North Carolina, §§ 140-143 (Hetrick rev. ed. 1981). Also, according to the terms of the contract, the plaintiffs had to tear down the old store and use its concrete blocks and debris to rebuild the bulkhead before the defendant was required to perform. In the answers to the plaintiffs' request for admissions, the defendant admits that the plaintiffs have done these acts which entitle the plaintiffs to the execution and delivery of a deed to Lot No. 11 from the defendant.

The defendant in her answer asserts that the plaintiffs knew that she only owned one-half of the property and would need her son's signature to acquire full title to the property but she has offered no affidavit or other proof in support of this contention. G.S. 1A-1, Rule 56(e) states that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We hold that because the defendant has failed to show by affidavit or otherwise that there is any genuine issue of fact to be

decided, the plaintiffs are entitled to judgment as a matter of law and partial summary judgment was properly granted. The fact that the plaintiffs have asked for damages according to the value of the remaining one-half interest owned by the defendant's son does not indicate that damages are an adequate remedy at law. "[I]t is well settled that, though the vendor is unable to convey the title called for by the contract, the purchaser may elect to take what the vendor can give him and hold the vendor answerable in damages as to the rest." *Timber Co. v. Wilson*, 151 N.C. 154, 157, 65 S.E. 932, 933 (1909).

Also, the defendant's contention in her brief that the contract is illegal and void as against public policy because it infringes upon the rights of her son as a cotenant of the property is without merit. G.S. 1-536 gives one cotenant the right to sue another cotenant for waste. Therefore, if the demolition of the "Old Moore's Store" pursuant to this contract constituted an act of waste, the defendant's son as a cotenant must seek his relief in an action for waste against the defendant. Nevertheless, this contract to convey is not illegal and this assignment of error is overruled.

[2] Finally, the defendant asserts that this trial judge erred by denying her motion to stay all proceedings until her motion to transfer this action to Superior Court had been heard in Superior Court. G.S. 7A-258 consists of administrative directives which a party should follow when moving to transfer a case between the trial divisions and provides that with three exceptions, inapplicable in the present case, "[t]he filing of a motion to transfer does not stay further proceedings in the case . . . ." G.S. 7A-258(f). Therefore, whether to proceed in an action pending a motion to transfer rests within the sound discretion of the court. The trial court after having given the defendant an opportunity to be heard found that "sufficient justification has not been shown to stay proceedings." Since the plaintiffs have shown they are entitled to summary judgment, the trial court did not abuse its discretion by refusing to delay the action and by disposing of the case by granting partial summary judgment.

Affirmed.

Judges BECTON and JOHNSON concur.