PURCHASE NURSERY, INC., a corporation, PAUL VANCE and FAYE J. VANCE, Plaintiffs v. WENDELL H. EDGERTON, MARGERY A. EDGERTON, LOREN BUCHANAN, NANCY G. BUCHANAN, ROBERT S. SMITHEY, DAVIDA B. SMITHEY, BINGHAM REAL ESTATE, L.P., a Limited Partnership, MICHAEL WAYNE BINGHAM, and CINDY V. BINGHAM, Defendants

No. COA01-1364

(Filed 17 September 2002)

**1. Landlord and Tenant— lease—new agreement rather than option exercise**

A lease agreement was a new, separate lease rather than the belated exercise of an expired option in an old lease.

**2. Landlord and Tenant— lease—essential elements**

A valid lease contains the identity of landlord and tenant; a description of land to be leased; a statement of the term of the lease; and the rental or other consideration to be paid. A writing is sufficient if the contract provisions can be determined from separate but related writings.

**3. Landlord and Tenant— lease—identity of parties—reference to prior lease**

A lease satisfied the statute of frauds requirement of identity of landlord and tenant where it stated that it was entered into by all the parties to the former lease and plaintiff was specifically named in the new lease.

**4. Landlord and Tenant— lease—description—reference to prior lease**

A lease satisfied the statute of frauds where it incorporated the description from an old lease.

**5. Landlord and Tenant— agricultural lease—term— definiteness**

A lease for a Christmas tree farm did not fail for lack of a definite term or for lack of mutuality of contract where the term was five years plus the additional time required to grow existing trees to a marketable size. There was evidence that "marketable size" is a term of art and has a definite meaning in the Christmas tree business.

**6. Landlord and Tenant— lease—consideration—reference to prior lease**

A new lease satisfied the Statute of Frauds by incorporating the rental consideration from the old lease.

**7. Pleadings— defense to lease—waived by not pleading**

Defendants in a lease action waived the defense that the lease was not signed by their spouses where they did not affirmatively assert the defense in their original or amended answer.

**8. Landlord and Tenant— lease—sufficiency of signatures for party not charged—immaterial**

The question of whether the signature of the secretary of plaintiff-corporation on a lease was sufficient without the president's signature was immaterial because plaintiff was not the party against whom enforcement of the lease was sought.

Appeal by plaintiff from judgment entered 26 June 2001 by Judge Ronald K. Payne in Avery County Superior Court. Heard in the Court of Appeals 22 August 2002.

PURCHASE NURSERY, INC. v. EDGERTON

[153 N.C. App. 156 (2002)]

*Di Santi Watson & Capua, by Frank C. Wilson, III, for plaintiff-appellant.*

*Vannoy & Reeves, PLLC, by David Jolly, for defendants-appellees.*

TYSON, Judge.

Purchase Nursery, Inc. ("plaintiff") appeals from an order granting Wendell H. Edgerton, Loren Buchanan, and Robert S. Smithey ("defendants") summary judgment and denying plaintiff's motion for summary judgment. We reverse in part and affirm in part the trial court's order.

## I. Facts

Defendants and their spouses purchased 113 acres of real property in Ashe County, North Carolina in 1984 and took title as tenants by the entireties. On 1 April 1985, defendants and their wives executed a lease for this property to Paul and Faye Vance ("Vances"), d/b/a/ Purchase Nursery, for a term of ten years with an expiration date of 31 March 1995 ("old lease"). The old lease was never recorded in Ashe County but was mistakenly recorded in Wilkes County where defendants resided.

The Vances entered into possession of the land pursuant to the lease and operated a nursery business. The old lease provided that the Vances would pay $100.00 per year fixed rental plus twenty-five percent of sales from everything grown on the property. The old lease contained a clause that prohibited transfer, assignment, or subletting the property without prior written consent by defendants. The old lease also contained a clause that allowed the Vances to extend the term of the old lease for an additional five years provided that the Vances notified defendants in writing at least six months prior to the expiration of the Lease.

The Vances did not exercise the option to extend the lease prior to 31 March 1995. In the summer of 1995, the Vances incorporated their business under the name Purchase Nursery, Inc. (plaintiff). The Vances purported to have "orally assigned" the old lease to plaintiff. In January of 1996, defendants accepted $100.00 in fixed yearly rent and $8,211.00 in percentage rental from plaintiff. In the spring of 1996, the Vances transferred ownership in plaintiff to Ronnie and Debra Yates.

**PURCHASE NURSERY, INC. v. EDGERTON**

[153 N.C. App. 156 (2002)]

On 15 August 1996, plaintiff and defendants executed a document entitled "Exercise of Lease Option on New River Property" ("new lease"). The new lease was signed by all three defendants and by Debra Yates as secretary of plaintiff and on behalf of plaintiff. Defendants' spouses, who had an entireties interest in the property, did not sign.

The new lease was not recorded. Provisions in the new lease incorporated terms of the old lease. After the execution of the new lease, plaintiff continued to care for and harvest the trees that it had planted on the property during the old lease, but did not plant any additional trees on the land as agreed to in the new lease. Defendants accepted fixed annual and percentage rents from plaintiff until the farm was sold.

On or about 4 January 1999, defendants and their spouses transferred the land to Bingham Real Estate, L.P. ("Bingham") without any reference to the encumbrance of the new lease. When defendants received the 1999 rent payment from plaintiff, they returned it to plaintiff with assurances that Bingham would honor the lease. Plaintiff then sent Bingham a corporate check for the 1999 rent which was accepted.

On 7 February 2000, plaintiff sent Bingham a percentage rental check for the trees harvested in 1999 and one for the 2000 fixed annual rent. On 28 March 2000, Bingham accepted the 1999 percentage rent check but returned the 2000 fixed annual rental check stating that the lease would be terminated effective 31 March 2000. On 5 July 2000, plaintiff's employees working on the property were told to leave and were not allowed to continue harvesting the remaining trees.

On 20 October 2000, plaintiff filed a complaint against defendants for breach of contract, fraudulent concealment, and unfair and deceptive trade practices. Bingham was initially joined but subsequently dismissed from the complaint. Defendants filed a motion for summary judgment claiming that no valid lease existed because the wives of the defendants did not sign the lease, the secretary of plaintiff corporation signed the lease without affixing a corporate seal, and that plaintiff's failure to record the lease constituted contributory negligence. Plaintiff also filed a motion for summary judgment on the issue of liability claiming that defendants breached the new lease. Plaintiff presented depositions which claimed that defendants signed as agents of their wives and with their wives' authority. A hearing was

held on 14 May 2001 and continued to 11 June 2001. The trial court granted summary judgment in favor of defendants and denied summary judgment in favor of plaintiff. Plaintiff appeals.

## II.  Issues

Plaintiff assigns as error the trial court's (1) granting defendants' motion for summary judgment, and (2) denying plaintiff's motion for summary judgment.

## III.  Summary Judgment

[1] Plaintiff contends that it "submitted sufficient evidence to create a triable issue of fact as to whether or not there was a valid contract . . . and whether that contract was breached by [defendants]." We agree.

Summary judgment should only be granted where the evidence, taken in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Langley v. Moore*, 64 N.C. App. 520, 522, 307 S.E.2d 817, 819 (1983). To show a breach of contract, plaintiff must show the existence of a valid contract and a breach of the terms of that contract. *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).

Defendants claim that no valid contract exists between the parties because the old lease "died on the vine" when the option in the old lease was not extended within the time required and that the new lease alone is not sufficient as a valid lease. In *Sherwin-Williams Co. v. ASBN, Inc.*, 145 N.C. App. 176, 550 S.E.2d 527 (2001), *disc. rev. denied*, 355 N.C. 215, 560 S.E.2d 137 (2002), this Court addressed the question of "whether a retroactive lease 'extension' executed after the expiration of a lease term constitutes a continuation of the original lease or a new lease." 145 N.C. App. at 178, 550 S.E.2d at 529. This Court held that the extension was a new lease and not a retroactive extension or exercise of an option. *Id.* at 179, 550 S.E.2d at 530. We agree with the reasoning of *Sherwin-Williams*. We hold that the "Exercise of Lease Option on New River Property" is a separate new lease and not a belated exercise of an expired option to extend contained in the old lease.

## A.  Validity of the New Lease

[2] For a lease with a term of three years or more to be valid, the essential terms of the contract must be in writing and signed by the

**PURCHASE NURSERY, INC. v. EDGERTON**

[153 N.C. App. 156 (2002)]

party being charged. N.C. Gen. Stat. § 22-2 (2001). Our Supreme Court has long held that the party being charged is "the one against whom relief is sought; and if the contract is sufficient to bind him, he can be proceeded against though the other could not be held, because as to him the statute is not sufficiently complied with." *Lewis v. Murray*, 177 N.C. 17, 19, 97 S.E. 750, 751 (1919). A valid lease contains four essential elements: (1) identity of landlord and tenant, (2) description of land to be leased, (3) a statement of the term of the lease, and (4) rental or other consideration to be paid. *Fuller v. Southland Corp.*, 57 N.C. App. 1, 8, 290 S.E.2d 754, 759, *disc. rev. denied*, 306 N.C. 556, 294 S.E.2d 223 (1982). A writing, incomplete in itself, is sufficient under the statute "if the contract provisions can be determined from separate but related writings." *Greenberg v. Bailey*, 14 N.C. App. 34, 37, 187 S.E.2d 505, 507 (1972) (citations omitted). "The writings need not be physically connected if they contain internal reference to other writings." *Fuller*, 57 N.C. App. at 7, 290 S.E.2d at 758. While a lease must be recorded to be valid against a lien creditor or a third-party purchaser for value, recordation is not an element of a valid lease agreement between the original parties to the agreement. N.C. Gen. Stat. § 47-18.

### 1. Identity of Landlord and Tenant

**[3]** The new lease stated, "This agreement is entered into by all former parties so listed in the original lease to be effective immediately." Plaintiff was specifically named in the new lease. The new lease satisfies the Statute of Frauds requirement of the identity of the landlord and tenant.

### 2. Description of the Land

**[4]** The new lease incorporated the old lease by stating "The contents and provisions of the existing lease have not changed otherwise." The old lease provided a definite description of the property leased. As the essential terms of the lease do not have to be contained in one writing to be valid, the new lease sufficiently incorporated the description contained in the old lease to satisfy the Statute of Frauds as to the description of the property leased. *Fuller*, 57 N.C. App. at 4, 290 S.E.2d at 758.

### 3. Term of the Lease

**[5]** The new lease provides for a five year term "plus any additional time required to grow the existing trees on the property to marketable size. This is in the event that after the 5 years, there is still a

number of trees under marketable size, as determined by the seller, PURCHASE NURSERY, INC." Defendants contend that this creates an indefinite time period for the contract and creates a contract which lacks mutuality. We disagree.

The new lease creates a five year lease which can only be extended if the trees are not of "marketable size". Plaintiff agreed not to plant new trees on the property and only harvest the trees in existence at the execution of the new lease. According to the affidavit of the president of plaintiff, "marketable size" is a term of art in the Christmas tree business and has a definite meaning. We hold that in the context of the agricultural lease, the new lease does not fail for lack of definiteness in duration of the term nor for lack of mutuality of contract. There is sufficient evidence to create a question of fact whether there was a definite term.

### 4. Rents and Other Consideration

**[6]** The new lease incorporated provisions of the old lease by stating "The contents and provisions of the existing lease have not changed otherwise." The old lease provided with specificity for the amount of annual rents and percentage rents to be paid by plaintiff. The rental reserved did not change. The new lease allowed for plaintiff to harvest trees already in existence, but did not allow plaintiff to plant new trees. The new lease satisfied the Statute of Frauds by incorporating the rental consideration from the old lease.

### 5. Signatures

### a. Wives of Defendants

**[7]** The new lease was signed by defendants Edgerton, Buchanan, and Smithey but not by their wives. Defendants assert that the new lease is unenforceable and void because they are not signed by their respective spouses. In their brief, defendants rely on N.C. Gen. Stat. § 39-13.6(a), which states "Neither spouse may bargain, sell, lease, mortgage, transfer, convey or in any manner encumber any property so held [in tenancy by the entirety] without the written joinder of the other spouse."

The North Carolina Rules of Civil Procedure require that a party shall affirmatively set forth any matter constituting an avoidance or affirmative defense. N.C.G.S. § 1A-1, Rule 8(c). "Failure to raise an affirmative defense in the pleadings generally results in a waiver thereof." *Robinson v. Powell*, 348 N.C. 562, 566, 500 S.E.2d 714, 717

(1998) (citations omitted). Neither defendants' original nor amended answer included an affirmative defense based upon N.C. Gen. Stat. § 39-13.6. Defendants waived this defense by failing to affirmatively assert this defense.

### b. Corporation

**[8]** Plaintiff signed the new lease as "Purchase Nursery, Inc. Sec/ Debra V. Yates." Defendants do not contend on appeal that this signature is insufficient to bind the corporation to the contract. They only claim, without citing authority, that "The signature of the president of Purchase Nursery, Inc., does not appear on the extension." As plaintiff is not the party against whom enforcement of the lease is sought, the nature or existence of plaintiff's valid signature is immaterial. *Lewis*, 177 N.C. at 19, 97 S.E. at 751.

### IV. Conclusion

Plaintiff presented sufficient evidence to establish a genuine issue of material fact as to defendants' breach of a valid lease. We reverse the trial court's grant of summary judgment in favor of defendants. We affirm the trial court's denial of plaintiff's motion for summary judgment. We remand the case to the trial court to determine whether defendants breached a valid lease and to determine the claims of fraudulent concealment and unfair and deceptive trade practices against defendants.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN and THOMAS concur.