EAST CAMP, L.L.C., Plaintiff-Appellee,
v.
HARRY SPRUILL, SHARON SPRUILL, and SCUPPERNONG FARM, LLC, Defendants-Appellants.
No. COA08-1081.
Court of Appeals of North Carolina.
Filed June 2, 2009.
This case not for publication
Windy H. Rose for Plaintiff-Appellee.
Miller and Shedor, PLLC, by Marty E. Miller, for Defendants-Appellants.
McGEE, Judge.
East Camp, L.L.C. (Plaintiff) is the owner of real property located in Tyrrell County, North Carolina. Plaintiff verbally agreed to allow Harry Spruill, Sharon Spruill, and Scuppernong Farm, LLC (Defendants) to farm the tillable acreage on Plaintiff's property beginning in the spring of 2000. In September 2000, Defendants requested that Plaintiff provide a written statement regarding the parties' lease agreement to the Tyrrell County Farm Service Agency. Plaintiff provided a letter dated 9 September 2000 (the Letter) to the Tyrrell County Farm Service Agency, that stated in full: "Mr. Harry Spruill, Scuppernong Farms, is renting all the tillable acreage owned by [Plaintiff] for the period of 10 years beginning January 1, 2000. The lease is on an all cash basis and is subject to an operating agreement that protects the resources." Bob L. McDuffie, the Member/Manager for Plaintiff, signed the Letter. Plaintiff also provided a statement entitled "CASH LEASE AGREEMENT" (the Agreement) which states: "Harry and Sharon Spruill has [sic] rented my farm for cash for the crop year(s) 10 yrs. Farm Number 1191 Tract Number 34 & 1335." Bob L. McDuffie signed the Agreement under the words "EAST CAMP LLC BY:" and above the words "Owner Signature." Defendants recorded the Letter and the Agreement in the Tyrrell County Register of Deeds in Book 202, Pages 786-87 on 21 December 2004.
Defendants allowed Plaintiff to access the real property through land owned by Defendants on a road known as Niland Road from 4 May 1999 until the spring of 2004. Defendants ended Plaintiff's access along Niland Road in the spring of 2004.
Plaintiff granted the Natural Resources Conservation Service (NRCS) a conservation easement on a portion of Plaintiff's property on 23 March 2007. Defendants contacted the NRCS and informed NRCS that Defendants had a ten-year lease on Plaintiff's property. Plaintiff alleged that Defendants were told in 2004 and again in October 2007 to discontinue farming Plaintiff's property. Defendants denied that Plaintiff instructed Defendants to discontinue farming Plaintiff's land in 2004 and alleged that Plaintiff continued to accept rent payments from 2000 to 2007.
Plaintiff filed an action against Defendants for slander of title and trespass on 13 November 2007. Plaintiff attached to its complaint the Letter and the Agreement. Plaintiff sought and was granted a temporary restraining order preventing Defendants from entering and farming Plaintiff's land during the pendency of Plaintiff's action against Defendants.
Defendants filed an answer and counter claims on 14 January 2008. Defendants pleaded several defenses to Plaintiff's claims, including the defense of license based on Defendants' purported lease to farm Plaintiff's land, memorialized in the Letter and the Agreement. Defendants' counter claims were to quiet title, for injury to real property, breach of contract, and unjust enrichment. Defendants also attached the Letter and the Agreement to their answer and counter claims.
Plaintiff filed a reply to Defendants' counter claims on 22 February 2008 and denied the material allegations of Defendants' counter claims. Plaintiff pleaded the statute of frauds as a defense to Defendants' counter claims to quiet title and for breach of contract, alleging the lease between Plaintiff and Defendants was not in writing as required by N.C. Gen. Stat. § 22-2. Plaintiff pleaded the statute of limitations as a defense to Defendants' counterclaim of injury to real property.
Plaintiff filed a motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c). The trial court heard Plaintiff's motion on 31 May 2008 and entered judgment on 5 June 2008, granting judgment on the pleadings for Plaintiff and dismissing Defendants' counter claims to quiet title, for injury toreal property, and breach of contract. Defendants appeal.
As a preliminary matter, Defendants argue their appeal is properly before our Court as an appeal from an interlocutory order affecting a substantial right, pursuant to N.C. Gen. Stat. § 7A-27(D)(1). "AN ORDER OR JUDGMENT IS INTERLOCUTORY if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." Bob Timberlake Collection, Inc. v. Edwards, 176 N.C. App. 33, 37, 626 S.E.2d 315, 320 (citing Cagle v. Teachy, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993)), disc. review denied, 360 N.C. 531, 633 S.E.2d 674 (2006). However, an appeal of an interlocutory order is permitted pursuant to N.C. Gen. Stat. § 7A-27(d)(1) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." Id. (citing Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). "[T]he possibility of undergoing a second trial affects a substantial right . . . when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." Green v. Duke Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).
In the present case, the trial court's judgment on the pleadings is an interlocutory order because Plaintiff's claims for slander of title and for trespass, and Defendants' counterclaim for unjust enrichment remain pending. However, the validity of the purported lease between Plaintiff and Defendants, memorialized by the Letter and the Agreement, is both a defense to Plaintiff's pending claims and is the basis for Defendants' counter claims. Because there are overlapping factual issues, there exists the potential for inconsistent verdicts. Therefore, the trial court's judgment on the pleadings affects a substantial right of Defendants and thus Defendants' appeal is properly before us. See Liggett Group v. Sunas, 113 N.C. App. 19, 437 S.E.2d 674 (1993).

I.
In Defendants' assignments of error numbers one and four, Defendants argue the trial court erred in dismissing Defendants' counter claims to quiet title and for breach of contract. Plaintiff pleaded the statute of frauds as a defense against Defendants' counter claims to quiet title and for breach of contract. Defendants argue the trial court erred in dismissing Defendants' counter claims because the pleadings raised an issue of material fact as to whether the Letter and the Agreement between the parties met the requirements of the statute of frauds pursuant to N.C. Gen. Stat. § 22-2.
In determining a motion for judgment on the pleadings "[t]he trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." Ragsdale v. Kennedy, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citing Beal v. Missouri Pacific R.Corp., 312 U.S. 45, 85 L. Ed. 577 (1941)).
[A] motion under Rule 12(c) must be carefully scrutinized lest the nonmoving party be precluded from a full and fair hearing on the merits. The movant is held to a strict standard and must show that no material issue of facts exists and that he is clearly entitled to judgment.
Id.
In order for a lease with a term of three years or more to be valid, the essential terms of the contract must be in writing and signed by the party being charged. N.C. Gen. Stat. § 22-2 (2007). "A valid lease contains four essential elements: (1) identity of [lessor] and [lessee], (2) description of land to be leased, (3) a statement of the term of the lease, and (4) rental or other consideration to be paid." Purchase Nursery, Inc. v. Edgerton, 153 N.C. App. 156, 161, 568 S.E.2d 904, 907 (2002) (citing Fuller v. Southland Corp., 57 N.C. App. 1, 8, 290 S.E.2d 754, 759, disc. review denied, 306 N.C. 556, 294 S.E.2d 223 (1982)).
Defendants argue the pleadings raised an issue of material fact as to whether the Letter and the Agreement between the parties met the requirements of the statute of frauds pursuant to N.C. Gen. Stat. § 22-2. The Letter is addressed to Tyrrell County Farm Service Agency and states in full: "Mr. Harry Spruill, Scuppernong Farms, is renting all the tillable acreage owned by [Plaintiff] for the period of 10 years beginning January 1, 2000. The lease is on an all cash basis and is subject to an operating agreement that protects the resources." Bob L. McDuffie, the Member/Manager for Plaintiff, signed the Letter. Defendants recorded the Letter in the Tyrrell County Register of Deeds in Book 202, Page 787. We address each of the essential elements of a valid lease with respect to the Letter in turn.

A. Signature of Party to be Charged
The statute of frauds requires a lease to be "signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." N.C.G.S. § 22-2. Black's Law Dictionary defines the party to be charged as "[a] defendant in an action to enforce a contract falling within the statute of frauds." Black's Law Dictionary 1154 (8th ed. 2004). Our Court has interpreted "party to be charged" as "'the one against whom relief is sought.'" Purchase Nursery, Inc. at 161, 568 S.E.2d at 907 (quoting Lewis v. Murray, 177 N.C. 18, 20, 97 S.E. 750, 751 (1919)). "The statute [of frauds], by express language, permits an agent to bind his principal. The agent may do so by signing his name." Hines v. Tripp, 263 N.C. 470, 474, 139 S.E.2d 545, 548 (1965) (citations omitted).
In the case before us, Plaintiff is the defending party in Defendant's counter claims for quiet title and breach of contract based on the parties' purported lease agreement. Because Plaintiff is the party against whom relief is sought in Defendants' counter claims for quiet title and breach of contract, Plaintiff is therefore the party to be charged as to these claims. The Letter includes a heading "Bob L. McDuffie; EAST CAMP, LLC" and is signed by Bob L. McDuffie above the title "Member/Manager." Based on the title "Member/Manager," and taken in the light most favorable to defendants, it appears Bob L. McDuffie signed the Letter as Plaintiff's agent. Further, "[i]f the promisor's agent signs in his own name rather than on behalf of the promisor, the problem of identifying the promisor may be solved with parol evidence." John N. Hutson, Jr. & Scott A. Miskimon, North Carolina Contract Law § 4-11 at 306 (2001). Therefore, Bob L. McDuffie's signature above the title "Member/Manager," binds the Plaintiff as Plaintiff's agent and satisfies the statute of frauds requirement that the contract include the signature of the party to be charged.

B. Identity of Lessor and Lessee
The Letter reads: "Mr. Harry Spruill, Scuppernong Farms, is renting all the tillable acreage owned by [Plaintiff]." Therefore, the Letter satisfies the statute of frauds requirement that the contract include the identity of the lessor and lessee. See Purchase Nursery, Inc., 153 N.C. App. at 161, 568 S.E.2d at 907.

C. Term of the Lease
The Letter states that Defendants are renting all the tillable acreage "for the period of 10 years beginning January 1, 2000." The Letter thus satisfies the statute of frauds requirement that the contract state a definite term of the lease. See id. at 161-62, 568 S.E.2d at 907-08.

D. Consideration to be Paid.
The Letter states that Defendants' lease was "on an all cash basis." The Letter does not include the amount or the frequency by which Defendants were to pay Plaintiff under the lease. However,
North Carolina is among a minority of jurisdictions that does not require that the memorandum state the consideration given by the party seeking to enforce the contract. The policy behind the statute [of frauds] is to prevent parties from being bound by fictitious agreements and therefore the memorandum need only contain those stipulations which the party to be charged is to perform.
John N. Hutson, Jr. & Scott A. Miskimon, North Carolina Contract Law § 4-11 at 306 (2001) (citing Lewis (consideration from purchaser need not be stated in memorandum where purchaser seeks specific performance of vendor's promise to convey); Brooks Distributing Co. v. Pugh, 91 N.C. App. 715, 373 S.E.2d 300 (1988) (Cozort, dissenting), rev'd, 324 N.C. 326, 378 S.E.2d 31 (1989) (adopting dissenting opinion from Court of Appeals holding the statement of consideration furnished by employer was not necessary where employer was seeking to enforce covenant not to compete)). In the present case, Defendant is the party seeking to enforce the contract. Therefore, the failure to state the amount of consideration to be paid by Defendant does not cause the Letter to fail under the statute of frauds.

E. Description of Land to be Leased
"A memorandum or note is, in its very essence, an informal and imperfect instrument." Lane v. Coe, 262 N.C. 8, 12, 136 S.E.2d 269, 272-73 (1964) (citing Phillips v. Hooker, 62 N.C. 193, 196 (1867)). However, it must contain expressly or by necessary implication the essential features of an agreement . . . [including] a description of the land . . . either certain in itself or capable of being reduced to certainty by reference to something extrinsic. . . . If the description is sufficiently definite for the court, with the aid of extrinsic evidence, to apply the description to the exact property intended to be sold, it is enough.
Id. at 8, 136 S.E.2d at 273 (citations omitted). The purpose of a description is "to furnish means of identifying the property to be conveyed by the instrument." Root v. Insurance Co., 272 N.C. 580, 588, 158 S.E.2d 829, 835 (1968).
"[W]here the language is patently ambiguous, parol evidence is not admissible to aid the description. [However], where a latent ambiguity occurs . . . parol evidence is admissible to fit the description to the property sought to be conveyed." Id. at 588, 158 S.E.2d at 836-37. "The only requisite in evaluating the written contract, as to the certainty of the thing described, is that there be no patent ambiguity in the description." Lane, 262 N.C. at 12-13, 136 S.E.2d at 273 (citing Norton v. Smith, 179 N.C. 553, 103 S.E. 14 (1920)). "Whether a description is patently ambiguous is a question of law." Kidd v. Early, 289 N.C. 343, 353, 222 S.E.2d 392, 400 (1976) (citing Carlton v. Anderson, 276 N.C. 564, 173 S.E.2d 783 (1970)). We review questions of law de novo. Maxwell v. Michael P. Doyle, Inc., 164 N.C. App. 319, 323, 595 S.E.2d 759, 761 (2004).
A patent ambiguity is "when the terms of the writing [leave] . . . the land, in a state of absolute uncertainty, and refer to nothing extrinsic by which it might possibly be identified with certainty." Id. at 13, 136 S.E.2d at 273. "A patent ambiguity raises a question of construction; a latent ambiguity raises a question of identity. If the ambiguity is latent, evidence[outside] the contract is both competent and necessary." Id. A latent ambiguity occurs "when the words of the instrument are plain and intelligible but leave it uncertain as to what property is embraced in the conveyance." Root, 272 N.C. at 588, 158 S.E.2d at 835. The description of the land must be "disclosed in the memorandum with sufficient definiteness to be aided by parol evidence." Fuller, 57 N.C. App. at 8, 290 S.E.2d at 759.
In Norton, the defendant and the plaintiff entered into a contract for the sale of the defendant's land. The contract described the land as the defendant's "entire tract or boundary of land consisting of 146 acres." Norton, 179 N.C. at 553, 103 S.E. at 14. The defendant alleged that the contract to sell his land was void because the description of the land was not sufficient to comply with the statute of frauds. Id. at 554, 103 S.E. at 14. However, our Supreme Court held that "the description [was] sufficient for the admission of parol evidence to identify the land, or to fit it to the land intended to be sold and conveyed." Id.
Defendants argue that the description of the property in the Letter is latently ambiguous and is sufficiently definite to allow the admission of extrinsic evidence to identify the specific property subject to the lease. The Letter states that Defendants are "renting all the tillable acreage owned by [Plaintiff]." In addition, the Letter is addressed to Tyrrell County Farm Service Agency. In Taefi v. Stevens, although a contract for the sale of real estate listed the property only as "5532 Providence Road,"because the contract also included "Charlotte, N.C." and "Mecklenburg County" in the headings and listed the plaintiff as the seller, our Court held the description could be made definite by extrinsic evidence and therefore was sufficient to meet the statute of frauds. Taefi v. Stevens, 53 N.C. App. 579, 583, 281 S.E.2d 435, 438 (1981), modified and aff'd per curiam, 305 N.C. 291, 287 S.E.2d 898 (1982).
The Letter in the present case included the county and listed Plaintiff as the owner of the real property. The specific property is described as "all the tillable acreage owned by [Plaintiff]." We find that the property is not in a state of "absolute uncertainty." Rather, similar to Taefi and Norton, this description is latently ambiguous, and therefore sufficiently definite to allow parol evidence to identify the land.
A latently ambiguous description requires admission of extrinsic evidence to explain or refute the identification of the land in question, and thus creates a potential issue of material fact which must be determined before the trial court can conclude as a matter of law that the statute of frauds has been met. Wolfe v. Villines, 169 N.C. App. 483, 487, 610 S.E.2d 754, 758 (2005). Because "the property description contained in the lease was latently rather than patently ambiguous . . . the trial court should have considered extrinsic evidence in order to determine the identity of the property before ruling on the validity of the lease." Electronic World, Inc. v. Barefoot, 153 N.C. App. 387, 393, 570 S.E.2d 225, 229 (2002). Therefore, because Plaintiff is not "clearly entitled to judgment" based on the pleadings, the trial court's judgment on the pleadings dismissing Defendants' counter claims to quiet title and for breach of contract was error and is reversed. See Ragsdale, 286 N.C. at 137, 209 S.E.2d at 499.

II.
Defendants argue the trial court erred in dismissing Defendants' counterclaim for injury to real property. Defendants alleged Plaintiff damaged Defendants' roads and lands that Plaintiff used to access Plaintiff's property. Plaintiff pleaded the statute of limitations as a defense against Defendants' counterclaim for injury to real property. Defendants argue the trial court erred in dismissing Defendants' injury to real property counterclaim because the pleadings raised an issue of material fact as to the application of the statute of limitations.
Defendants alleged Plaintiff "caused wrongful extensive and unreasonable injury and damage to Defendants' road and lands." Plaintiff denied the material allegations of Defendants' counterclaim for injury to real property and pleaded the defense of the statute of limitations. N.C. Gen. Stat. § 1-52 (2007) states the statute of limitations for injury to real property is three years. "A judgment on the pleadings in favor of a defendant who asserts the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted." Flexolite Electrical v. Gilliam, 55 N.C. App. 86, 87-88, 284 S.E.2d 523, 524 (1981).
Defendants rely on Benson v. Barefoot, 148 N.C. App. 394, 559 S.E.2d 244 (2002), in arguing the pleadings in the present caseraise an issue of material fact as to the application of the statute of limitations because Defendants did not allege the date or dates on which the injury to Defendants' real property occurred. In Benson v. Barefoot, the plaintiff alleged he made payments to the defendants, which the defendants wrongfully converted to their own use. Id. at 396, 559 S.E.2d at 246. The defendants were granted judgment on the pleadings based on the statute of limitations. Id. at 395, 559 S.E.2d at 245. However, the plaintiff did not allege the dates on which the plaintiff made the payments to the defendants. Id. at 396, 559 S.E.2d at 246. Our Court held that the trial court's granting of judgment on the pleadings based on the statute of limitations was reversible error because "'all the facts necessary to establish the limitation [were not] alleged or admitted.'" Id. at 397, 559 S.E.2d at 246 (emphasis added) (quoting Gilliam, 55 N.C. App. at 88, 284 S.E.2d at 524).
Although Defendants did not explicitly allege the date(s) on which the injury to Defendants' real property occurred, Defendants admitted the dates in paragraph one of their counterclaim for injury to real property. In paragraph one, Defendants realleged and incorporated paragraph twelve of Plaintiff's complaint and paragraph twelve of Defendants' answer. Paragraph twelve of Plaintiff's complaint states: "From May 4, 1999 until spring of 2004, Defendants allowed access to Plaintiff's property through lands owned by Defendants on a road known as Niland Road." (emphasis added). Paragraph twelve of Defendants' answer states:"The allegations of Paragraph 12 of the Complaint are admitted except that it is alleged that the use of Defendants' road was subject to certain limitations and restrictions which were breached and violated and/or permitted by Plaintiff . . . causing destruction and damage to Defendants' road and lands." Further, paragraph fourteen of Defendants' answer admits the allegation of paragraph fourteen of Plaintiff's complaint which states: "In the spring of 2004, Defendants cut off the access to Plaintiff's property across Niland Road by Plaintiff."
Defendants pleaded sufficient facts through admissions to establish that Plaintiff did not enter Defendants' property after the spring of 2004. Because Defendants did not institute their claim for injury to real property until 2008, Defendants' counterclaim for injury to real property is barred by the three-year statute of limitations. N.C. Gen. Stat. § 1-52 (2007). Therefore, we hold the trial court correctly granted judgment on the pleadings for Plaintiff as to Defendants' injury to real property counterclaim.
Because we reverse the judgment of the trial court dismissing Defendants' counter claims to quiet title and for breach of contract, we need not address Defendants' assignments of error numbers five and six. In conclusion, the trial court's judgment dismissing Defendants' counterclaim for injury to real property is affirmed and the trial court's judgment dismissing Defendants' counter claims to quiet title and for breach of contract is reversed. Affirmed in part, reversed in part.
Judges GEER and BEASLEY concur.
Report per Rule 30(e).