CORPORATION COMMISSION OF NORTH CAROLINA v. NATHAN HARRIS.

(Filed 15 May, 1929.)

1. **Banks and Banking H a—Books of bank raises prima facie presumption, subject to rebuttal, that those appearing thereon are stockholders.**

Entry on the books of a bank of the issuance of stock to the defendant sought to be held for his statutory liability is only prima facie evidence that the defendant is such owner, which may be rebutted by his evidence, and a verdict directed against him upon conflicting evidence is reversible error. 3 C. S., 219(a).

2. **Same—Evidence that defendant was not owner of bank stock held sufficient to be submitted to jury.**

In an action against an alleged stockholder in a bank to recover his statutory liability, 3 C. S., 219(a), evidence tending to show that he had not subscribed for the stock, had received no dividends nor acted as such owner is sufficient to take the case to the jury in rebuttal of the prima facie case raised by his appearing on the books of the bank as a subscriber to its stock, and alone furnishes no evidence of ratification or estoppel.

3. **Same—Owner of bank stock is relieved of statutory liability thereon only by transfer of shares on books of the bank.**

A subscriber to the shares of stock of a bank is not relieved of his statutory liability thereon by selling the stock unless the transfer is made on the books of the bank in accordance with the statute. 3 C. S., 219(d).

APPEAL by defendant from *Webb, J.,* at May Term, 1928, of ROWAN. New trial.

The plaintiff alleged that as an administrative department of the State of North Carolina, created and organized as provided by law, it took charge of the business, property, and effects of the Peoples Bank of East Spencer on 30 July, 1926; and that the bank was insolvent. Thereafter the Atlantic Bank & Trust Company was appointed receiver of the Peoples Bank of East Spencer. The receiver filed a petition alleging that the defendant was a stockholder, and demanded payment of his statutory liability as provided in C. S., 219(a). It was admitted for the purpose of the trial that the assets of the Peoples Bank of East

Spencer were insufficient to discharge its obligations and that it was necessary to assess the shares of stock issued by the bank to the full amount of 100 per cent. The defendant denied liability and the following issue was submitted to the jury and answered in the affirmative: "Was the defendant Nathan Harris a stockholder in the Peoples Bank of East Spencer as alleged in the complaint?" Judgment was rendered in behalf of the plaintiff and the defendant excepted and appealed.

*P. S. Carlton for the receiver.*
*J. Harold McKeithen, Walter H. Woodson and Parrish & Deal for defendant.*

ADAMS, J. His Honor instructed the jury to answer the issue in the affirmative if they believed all the evidence. In this instruction we think there was error. The stock appeared on the books of the bank as having been issued to and in the name of the defendant but this entry, while prima facie evidence of the defendant's ownership, is not conclusive; the burden of the issue remained with the plaintiff throughout the trial to satisfy the jury by the greater weight of the evidence that the defendant Harris was a stockholder in the bank, as alleged. *White v. Hines,* 182 N. C., 276; *Austin v. R. R.,* 187 N. C., 7. There was evidence in rebuttal of the presumption arising from the entry of the stock in the name of the defendant on the books of the bank. To constitute the defendant a stockholder it was necessary to show, not only that the stock had been issued, but that it had been actually or constructively accepted by the defendant. The defendant denied that he had accepted the stock.

There was evidence tending to show that on 5 January, 1921, the Peoples Bank of East Spencer issued two shares of stock to R. H. Terry and that on 4 April, 1924, Terry's certificate was surrendered to the bank endorsed by Terry to the defendant; that certificates Nos. 103 and 104 were then issued in the name of the latter. The defendant testified that he had never bought any stock in the Peoples Bank of East Spencer, had never authorized any person to buy it for him, and had never paid for such stock. In explanation he said that four or five years before the trial, one F. J. Lassiter came to the defendant's store in Winston-Salem, told him that a letter was coming to Lassiter from East Spencer in the defendant's name, and gave the defendant instructions to deliver the letter to Lassiter without having it opened. It was in evidence that the defendant's wife opened the letter; that Lassiter came to defendant's store on the day following; that the defendant then told Lassiter that he had never authorized him to buy stock in the defendant's name; that he did not want the stock and

that he wanted Lassiter to have the entry on the books of the bank canceled. The defendant testified that after the letter was opened he signed these certificates in blank, gave them to Lassiter, and at the same time wrote the bank that he had not subscribed for the stock. He said that he transferred the certificates to Lassiter who had caused them to be sent because he thought Lassiter was the owner, and that he wanted the bank "to take the certificates out of his name." The defendant said, also, that he had never received any dividends and had never heard anything further in reference to the stock until after the appointment of the receiver.

This evidence had a direct bearing upon the questions whether the defendant had bought the stock, whether it had been sent to him without his knowledge, and whether he had refused to accept it. If he neither bought nor subscribed for the stock nor accepted it when it was sent to him, it can hardly be said that he is a stockholder subject to liability for assessment. Under these circumstances, nothing else appearing, there would be neither ratification nor estoppel which would bar the defense.

We do not say there is no evidence that the defendant accepted the stock, but merely that there is evidence to the contrary. In *Trust Co. v. Jenkins,* 193 N. C., 761, it was shown that one of the appellants admitted that he had been a stockholder in the bank and had sold his stock without having it transferred on the books of the bank. The Court said: "He was not relieved of his statutory liability as such stockholder by the sale of such stock. He remained subject to such liability so long as such shares of stock stood in his name upon the books of the bank. He could be relieved of such liability only by a transfer of such shares to a purchaser, in accordance with the provisions of the statutes. 3 C. S., 219(d)." This statement of the law will apply in the present case if the defendant's acceptance of the stock is established.

New trial.