MASLIN H. RUSS v. ZACK RUSS, JR.

No. 8027SC608

(Filed 3 February 1981)

**Constitutional Law § 26.6— foreign judgment for alimony — absence of proper service of process — no full faith and credit**

A Florida court had no *in personam* jurisdiction over defendant in an action to recover alimony due plaintiff, and a default judgment for alimony entered by the Florida court was not entitled to full faith and credit, since Florida law required that out-of-state defendants be served by officers rather than postal officials, and defendant was served in N. C. by certified mail, return receipt requested.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 19 February 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 13 January 1981.

Action was brought in the trial court to enforce a default judgment for alimony due plaintiff, said judgment having been entered by a circuit court of the State of Florida. A certified copy of the judgment was attached to plaintiff's complaint. An affidavit signed by plaintiff's Florida attorney and a copy of a return receipt requested form, which had been signed at defendant's address by defendant's stepdaughter, were also attached to the complaint and tended to show that defendant had been properly served. Evidence at trial showed that the stepdaughter is an adult and under no disability.

The trial court adjudged that defendant had been properly served in North Carolina and that the Florida judgment holding defendant responsible for $15,386.48 in alimony and child support must be given full faith and credit. Defendant appealed.

*Guller & Bridges, by Jeffrey M. Guller and Doris Shaw Bridges, for plaintiff appellee.*

*Garland & Alala, by Richard L. Voorhees and M. Brooke Lamson, for defendant appellant.*

HILL, Judge.

Article IV, Section 1 of the U. S. Constitution, provides that "Full Faith and Credit shall be given in each State to the . . . Judicial Proceedings of every other State." However, the courts of this State are bound by the Florida judgment in the case *sub judice* only if the Florida court had jurisdiction over defendant. We agree with defendant's contention in his first assignment of error that the Florida court did not have *in personam* jurisdiction over him.

An examination of Florida law reveals that Fla. Stat. § 48.193, that state's long-arm statute, gives Florida jurisdiction, with respect to proceedings for alimony or child support, over any person who resided in the state before or at the time of the commencement of the action. Fla. Stat. § 48.194 governs service of process upon out-of-state defendants in cases such as the one *sub judice*. The statute allows service of process by "any officer authorized to serve process in the state where the person is served" in the same manner as service within Florida could be accomplished.

Service within Florida is governed, for our purposes, by two statutes. Fla. Stat. § 48.021(1) provides, in pertinent part, that "[a]ll process shall be served by the sheriff of the county where the person to be served is found . . . ." § 48.031 goes on from there; and in 1977, when service was made, provided that service could be completed by "delivering a copy of it to the person to be served . . . or by leaving the copies at his usual place of abode with some person of the family who is 15 years of age or older and informing the person of their contents."

Upon examination of the statutes cited above, it appears to this Court that Florida requires service of process within the state to be by the county sheriff or special process server appointed by the county sheriff. Florida carries this requirement over to service of process outside the state, except in certain enumerated situations, by requiring that out-of-state defendants be served by officers rather than postal officials.

We conclude that defendant was not properly served under the applicable Florida statutes and Florida's courts never obtained *in personam* jurisdiction in the case. Consequently, the Florida judgment is void and will be treated as a nullity. *See Casey v. Barker*, 219 N.C. 465, 467, 14 S.E.2d 429 (1941).

The judgment of our State's trial court must be reversed. Our action renders pointless a discussion of defendant's remaining assignment of error which we find to be frivolous and without merit.

Reversed.

Judges ARNOLD and WELLS concur.