PER CURIAM.
Blanche Takiff appeals from an order quashing service of process on her husband, an Illinois resident. For the following reasons, we reverse.
Mrs. Takiff, a resident of Dade County, filed an action for dissolution of marriage against her husband, who lives in Cook County, Illinois. The husband was served with process at his residence by a process server specifically appointed by the Dade Circuit Court. It is undisputed that the husband received actual notice of the action and a copy of the Petition for Dissolution of Marriage.
Pursuant to section 48.194, Florida Statutes (1995), service on a nonresident “shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served.” Under Illinois law, in Cook County, which has a population of over one million, process must be served “either by a sheriff or by a disinterested person appointed by the court.” Ill.Rev.Stat. ch. 110, para. 2-202(a)(1985). The husband successfully argued below that the “court” referred to in that Illinois statute must be an Illinois court. We disagree, and hold that the service in Illinois, concededly performed by a disinterested person, was sufficient. The Dade County Circuit Court had specially appointed the Illinois private investigator to serve the husband, and thus complied with both Florida and Illinois statutory requirements.
REVERSED.