JAMES STEPHEN BENSON, Plaintiff v. MICHAEL S. BAREFOOT and wife,
FRANKIE BAREFOOT, Defendants

No. COA01-288

(Filed 5 February 2002)

**Statutes of Limitation and Repose— motion to dismiss—judgment on the pleadings—statute of limitations**

The trial court erred in an action arising out of a loan transaction by granting defendants' motion for judgment on the pleadings based on the statute of limitations, because: (1) although plaintiff alleges that he made payments to defendants which defendants wrongfully converted to their own use, neither the complaint nor the answer divulges the dates on which these payments were allegedly made and it is not possible to tell from the pleadings alone whether the payments were made within the limitations period; and (2) judgment on the pleadings was not proper since all the facts necessary to establish the limitation are not alleged or admitted.

Appeal by Plaintiff from order entered 27 November 2000 by Judge Jack Thompson in Johnston County Superior Court. Heard in the Court of Appeals 9 January 2002.

*Brent Adams & Associates, by Brenton D. Adams and Shirl J. Rice, for plaintiff-appellant.*

*Law Office of James M. Johnson, by James M. Johnson, for defendant-appellees.*

HUDSON, Judge.

Plaintiff appeals from an order of the superior court granting defendants' motion to dismiss. For the reasons given below, we reverse and remand for further proceedings.

The facts alleged in the complaint and procedural history that are pertinent to this appeal are as follows. On 12 November 1990, Plaintiff borrowed money from William D. Johnson, Jr., who is not a party to this action. To secure repayment of the loan, Plaintiff executed and delivered to Johnson a deed for a tract of land in Johnston County. Pursuant to the agreement between Plaintiff and Johnson, Johnson was to reconvey the property to Plaintiff once Plaintiff had repaid the loan.

On 4 January 1993, Johnson transferred the loan and security to F & M Farms, Inc., on the condition that when Plaintiff had repaid the loan in full, F & M Farms would reconvey the property to Plaintiff. Michael S. Barefoot, one of the defendants in this action, owned and controlled F & M Farms. Plaintiff began making payments to Michael S. Barefoot and his wife, Frankie Barefoot, who is also a defendant in this action. In his complaint, Plaintiff alleged that he made payments to Defendants in the amount of $42,350, which Defendants converted to their own use, instead of applying the payments towards Plaintiff's debt.

On 11 December 1995, Plaintiff filed suit against F & M Farms. F & M Farms moved for summary judgment on the ground that there was no issue of material fact shown by the pleadings, and on 13 March 1997, the trial court, in an order for judgment on the pleadings, ordered that the action be dismissed.

On 27 May 1997, Plaintiff filed suit against the same defendants that have been named in this action, and on 16 November 1998, voluntarily dismissed the action without prejudice. On 8 November 1999, Plaintiff filed this action. In their answer, Defendants alleged that the action was barred by the statute of limitations, because "any alledged [sic] actions of the defendants occurred from the years 1990 through January, 1993 and no further activity or actions alledged [sic] in the complaint have occurred since then." Both parties agree that, for the purpose of determining whether the statute of limitations has run, the claim was filed on 27 May 1997. Defendants argue that the limitations period is three years, pursuant to N.C. Gen. Stat. § 1-52 (1999). Plaintiff argues that the period is ten years, pursuant to N.C. Gen. Stat. § 1-56 (1999). In light of the disposition we reach below, we need not and do not decide which statute governs Plaintiff's claim.

On 28 January 2000, Defendants filed three separate motions to dismiss, on the basis of the statute of limitations, res judicata, and failure to state a claim. After the court heard arguments on the motion based on the statute of limitations, the court issued its order dismissing the action. The record on appeal does not contain a transcript of the hearing on this motion to dismiss. It consists primarily of the pleadings, motions, and orders in the actions discussed above.

Defendants contend that the trial court converted Defendants' motion to one for summary judgment. The court states in its order dismissing the action that it "examin[ed] the exhibits introduced to

the Court, to wit: the verified complaint and other evidence." Neither the complaint nor the answer in the record on appeal is verified. It is not clear what constitutes the "other evidence" referenced by the trial court, and, with the exception of a notice of *lis pendens*, nothing in the record on appeal has been sworn. With no affidavits, answers to interrogatories, or other evidence in the record before us, we must treat the motion as one for judgment on the pleadings. *See* N.C. R. Civ. P. 12(c); *Reichler v. Tillman*, 21 N.C. App. 38, 40, 203 S.E.2d 68, 70 (1974).

Because a judgment on the pleadings is a summary procedure resulting in a final judgment, a motion for judgment on the pleadings must be "carefully scrutinized." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). A motion for judgment on the pleadings is not favored by the courts, and the pleadings of the nonmovant will be liberally construed. *See RGK, Inc. v. Guaranty Co.*, 292 N.C. 668, 674, 235 S.E.2d 234, 238 (1977). "The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party." *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499. The movant must show that there are no issues of material fact and that it is clear he is entitled to judgment. *See id.* "A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain. When the pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate." *Id.* In particular, a judgment on the pleadings in favor of a defendant "who asserts the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted." *Flexolite Electrical v. Gilliam*, 55 N.C. App. 86, 87-88, 284 S.E.2d 523, 524 (1981).

Here, Plaintiff alleges that he made payments to Defendants, which Defendants wrongfully converted to their own use. Neither the complaint nor the answer divulges the dates on which these payments were allegedly made. Thus, it is not possible to tell from the pleadings alone whether the payments were made within the limitations period. Defendants correctly state that once the statute of limitations has been raised, the plaintiff has the burden to prove that his action was timely filed, *see, e.g., Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974). However, burdens of proof have no place in a motion for judgment on the pleadings, a motion which is ruled upon in the absence of any evidence; on a motion for judgment on the pleadings, dismissal is proper only if it appears on the face of the

complaint that the plaintiff filed outside the limitations period. *See Ports Authority v. Roofing Co.*, 294 N.C. 73, 80, 240 S.E.2d 345, 349 (1978) (explaining that although the burden is on plaintiff to prove that his action was brought within the limitations period, plaintiff has "the right to offer such proof").

Even if the trial court considered the earlier pleadings in its ruling, these pleadings support our holding. In the complaint naming F & M Farms as the defendant, filed in 1995, Plaintiff alleged that he had paid $36,400 towards his debt. In the complaints against Defendants, the first of which was filed in 1997, Plaintiff alleged that he had paid $42,350 to Defendants, to be applied towards his debt. Thus, it appears from the face of these pleadings that the amount Plaintiff paid increased after the first complaint was filed in 1995. These allegations, in the light most favorable to Plaintiff, give rise to an inference that the statute of limitations had not run in 1997.

Because it is not the case that "all the facts necessary to establish the limitation are alleged or admitted," *Gilliam*, 55 N.C. App. at 88, 284 S.E.2d at 524, judgment on the pleadings was not proper. Accordingly, we reverse and remand to the trial court for further proceedings.

Reversed and remanded.

Judges WYNN and THOMAS concur.