SAWYERS v. FARM BUREAU INS. OF N.C., INC.

[360 N.C. 158 (2005)]

moot. Petitioner's petition for discretionary review is dismissed as improvidently allowed.

**VACATED; APPEAL DISMISSED AS MOOT; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.**

---

MICHELLE L. SAWYERS, F/K/A MICHELLE L. TURNER v. FARM BUREAU
INSURANCE OF N.C., INC.

No. 264A05

(Filed 16 December 2005)

**Insurance— automobile insurance—uninsured motorist carrier—Florida judgment against uninsured—carrier not bound**

The decision of the Court of Appeals holding that defendant uninsured motorist carrier was bound by a judgment against the uninsured motorist in Florida if the carrier was served with a copy of the summons, complaint or other process in the action against the uninsured motorist is reversed for the reasons stated in the dissenting opinion that the uninsured motorist carrier was not bound because (1) the carrier was not a party to the Florida action at the time judgment was entered; (2) the statute of limitations had expired before plaintiff instituted this North Carolina action against the uninsured motorist carrier; (3) defendant carrier is not bound by the doctrine of res judicata; and (4) plaintiff is equitably estopped from asserting that defendant carrier is bound by the Florida judgment.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 170 N.C. App. 17, 612 S.E.2d 184 (2005), reversing and remanding in part and dismissing as interlocutory in part an appeal from an órder entered 9 March 2004 by Judge Robert C. Ervin in Superior Court, Mecklenburg County. Heard in the Supreme Court 14 December 2005.

*Ruff, Bond, Cobb, Wade & Bethune, L.L.P., by J.D. DuPuy and Robert S. Adden, Jr., for plaintiff-appellee.*

*Caudle & Spears, PA, by Harold C. Spears and C. Grainger Pierce, Jr., for defendant-appellant.*

**HOFECKER v. CASPERSON**

[360 N.C. 159 (2005)]

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

Justice MARTIN did not participate in the consideration or decision of this case.

---

DAVID LLOYD HOFECKER v. JONATHAN COOPER CASPERSON AND GARY JAY CASPERSON

No. 92A05

(Filed 16 December 2005)

**Motor Vehicles— motorist-pedestrian accident—last clear chance**

The decision of the Court of Appeals is reversed for the reason stated in the dissenting opinion that the trial court properly entered summary judgment for defendant driver on the issue of last clear chance because plaintiff pedestrian failed to forecast any evidence that defendant was speeding, not paying attention, failed to maintain a proper lookout, or could reasonably have discovered plaintiff's perilous position.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 168 N.C. App. 341, 607 S.E.2d 664 (2005), affirming in part and reversing in part an order entered on 10 November 2003 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Supreme Court 12 September 2005.

*Harris & Associates, PLLC, by Robert J. Harris, for plaintiff-appellee.*

*Brown, Crump, Vanore & Tierney, L.L.P., by O. Craig Tierney, Jr., for defendant-appellants.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.