B. KELLEY ENTERPRISES, INC., Plaintiff-Appellant v. VITACOST.COM, INC.,
Defendant-Appellee

No. COA10-645

(Filed 3 May 2011)

**Process and Service— Florida law—improper service—lack of
personal jurisdiction—no res judicata or collateral estoppel
effect on North Carolina action**

The trial court erred by granting defendant's motion for judg-
ment on the pleadings because a Florida court lacked personal
jurisdiction over plaintiff in the Florida action. Defendant never
properly served plaintiff with process, and therefore, the Florida
court's judgment had no *res judicata* or collateral estoppel effect
on plaintiff's North Carolina action.

Appeal by Plaintiff from order entered 8 March 2010 by Judge
Catherine C. Eagles in Superior Court, Forsyth County. Heard in the
Court of Appeals 15 November 2010.

*Carruthers & Roth, P.A., by Rachel Scott Decker and Kevin A.
Rust, for Plaintiff-Appellant.*

*Bell, Davis & Pitt, P.A., by Bradley C. Friesen, for Defendant-
Appellee.*

McGEE, Judge.

B. Kelley Enterprises, Inc. (Plaintiff) filed a complaint on 18
February 2009 against Vitacost.com, Inc. (Defendant), seeking to col-
lect money due under a rental agreement. Plaintiff also sought to
recover late fees, interest, attorneys' fees, and costs. Defendant filed
an answer in which it pleaded, *inter alia*, the defenses of *res judi-
cata* and collateral estoppel. Defendant contended that the matters in
dispute had already been determined in an earlier action filed by
Defendant, in which Defendant had been granted default judgment
against Plaintiff. In the present case, Defendant filed a motion for
judgment on the pleadings, pursuant to N.C. Gen. Stat. § 1A-1, Rule
12(c), on 3 February 2010. In an order entered 8 March 2010, the trial
court granted Defendant's motion. Plaintiff appeals.

Plaintiff alleged in its complaint that Plaintiff and Defendant
entered into an agreement on or about 11 August 2008, whereby
Defendant agreed to lease certain equipment and purchase certain

supplies from Plaintiff for a period of sixty months. Defendant failed to purchase the agreed upon minimum amount of supplies for the month of February 2009. Plaintiff "accelerated the rental payments under the Rental Agreement as provided therein" and filed its complaint on 18 February 2009.

## I. The Florida Action

The fundamental issue in this case involves a judgment in a lawsuit filed by Defendant against Plaintiff in Palm Beach County, Florida (the Florida action). We note that Defendant's complaint is file-stamped 2 February 2009, but is dated 4 February 2009 and, in its brief, Defendant states that it "sued" Plaintiff on 5 February 2009. In the Florida action, Defendant sought, *inter alia*, cancellation of the rental agreement, as well as damages based on alleged defects in the equipment provided to Defendant by Plaintiff. In the present case, Defendant attached to its answer a "return of service" of a summons from the Florida action, signed by a "NC Process Server." The process server attested that he served Plaintiff "in compliance with Florida Statute 48.031 or other state statute as applicable." A deputy clerk of Palm Beach County, Florida entered a default on 16 March 2009. "[A]fter entry of default against [Plaintiff][,]" a judge of the Florida Circuit Court entered a "Final Judgment" on 6 April 2009.

## II. Service of Process

Plaintiff first argues that the trial court in the action before us erred in granting Defendant's motion for judgment on the pleadings because the Florida court lacked personal jurisdiction over Plaintiff in the Florida action. Plaintiff contends that Defendant never properly served Plaintiff with process and, therefore, the Florida court's judgment "would have no res judicata effect on the action brought by Plaintiff in North Carolina." We agree.

"This Court reviews a trial court's grant of a motion for judgment on the pleadings *de novo.*" *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008). "A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* at 761, 659 S.E.2d at 767.

Our Supreme Court summarized the doctrines of *res judicata* and collateral estoppel in *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986).

Thus, under *res judicata* as traditionally applied, a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them. When the plaintiff prevails, his cause of action is said to have "merged" with the judgment; where defendant prevails, the judgment "bars" the plaintiff from further litigation. In either situation, all matters, either fact or law, that were or should have been adjudicated in the prior action are deemed concluded. Under collateral estoppel as traditionally applied, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies. Traditionally, courts limited the application of both doctrines to parties or those in privity with them by requiring so-called "mutuality of estoppel": both parties had to be bound by the prior judgment.

*Id.* at 428-29, 439 S.E.2d at 556-57 (internal citations omitted).

In a dissenting opinion adopted *per curiam* by our Supreme Court, Judge Steelman stated: "For either doctrine to apply, the prior action must have been a final judgment on the merits in a court of competent jurisdiction." *Sawyers v. Farm Bureau Ins. of N.C., Inc.*, 170 N.C. App. 17, 30, 612 S.E.2d 184, 193 (Steelman, J. dissenting), *rev'd per curiam for reasons stated in the dissent*, 360 N.C. 158, 622 S.E.2d 490 (2005). "A judgment by default is a final judgment[.]" *Moore v. Sullivan*, 123 N.C. App. 647, 649, 473 S.E.2d 659, 660 (1996). However, "absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Fender v. Deaton*, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998). Thus, in determining whether judgment on the pleadings was proper in the present case based on *res judicata* and collateral estoppel, we must determine whether the judgment in the Florida action was a final judgment and whether it was entered by a court of competent jurisdiction.

"The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit." *Gardner v. Tallmadge*, —— N.C. App. ——, ——, 700 S.E.2d 755, 759 (2010), *aff'd* —— N.C. ——, —— S.E.2d —— (2011). "However, a judgment of a court of another state may be attacked in North Carolina, but only upon the grounds of lack of jurisdiction,

fraud in the procurement, or as being against public policy." *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969).

Defendant argues that Plaintiff failed to properly challenge personal jurisdiction in the action before us, because Plaintiff's complaint in the present case contains no allegations concerning the Florida action. Defendant also contends that it satisfied its burden of showing that the Florida judgment was authentic and that Plaintiff failed to satisfy its burden "to bring forward evidence to rebut the presumption of full faith and credit." However, we note that Defendant filed a motion for judgment on the pleadings in the present case. "[B]urdens of proof have no place in a motion for judgment on the pleadings, a motion which is ruled upon in the absence of any evidence[.]" *Benson v. Barefoot*, 148 N.C. App. 394, 396, 559 S.E.2d 244, 246 (2002).

As stated above, in determining whether *res judicata* and collateral estoppel warrant a judgment on the pleadings, a trial court must first determine whether the prior action resulted in a final judgment by a court of competent jurisdiction. "Only the pleadings and exhibits which are attached and incorporated into the pleadings may be considered by the trial court." *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996). Thus, the trial court in the present case was required to make its determination based solely on the pleadings and on Defendant's answer, which included copies of the record in the Florida action.

Plaintiff does not argue that the Florida judgment was not a final judgment. Rather, Plaintiff contends that, because of improper service, the Palm Beach County Circuit Court lacked jurisdiction over Plaintiff. Plaintiff also contends that service in the present case was improper under North Carolina law because Plaintiff was served by a private process server, and not by the Forsyth County Sheriff's Office. Defendant counters that Florida's law regarding service of process controls, and that service in the Florida action was proper under Florida law.

We must first determine whether North Carolina law or Florida law controlled when service was attempted in the Florida action.

Substantive questions of law 'are controlled by the law of the place—the *lex loci*; whereas matters of procedure are controlled by the law of the forum—the *lex fori*.' Although North Carolina is the forum for the current suit, the validity of the judgment to bar

the current action must be reviewed according to the laws of [Florida].

*Freeman v. Pacific Life Ins. Co.*, 156 N.C. App. 583, 587, 577 S.E.2d 184, 187 (2003) (internal citation omitted). Thus, Florida's rules of procedure are controlling.

Under Florida law, service of process on persons located outside of Florida is governed by Fla. Stat. § 48.194, which states: "Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served." Fla. Stat. Ann. § 48.194(1) (West 2006). Our Court, in *Russ v. Russ*, 50 N.C. App. 553, 274 S.E.2d 259 (1981), previously interpreted Florida's service of process statutes. In *Russ*, the plaintiff sought to enforce a default judgment entered by a Florida court that granted the plaintiff alimony. *Id.* at 553, 274 S.E.2d at 260. A North Carolina trial court ruled that the Florida judgment was entitled to full faith and credit; however, our Court reversed, holding that service in the original action was improper. *Id.* The defendant in *Russ* was served in North Carolina by a postal official, as evidenced by a return receipt signed at the defendant's house by his stepdaughter. *Id.* In determining whether this service was sufficient to grant the Florida court personal jurisdiction over the defendant, we conducted the following analysis:

> An examination of Florida law reveals that Fla. Stat. § 48.193, that state's long-arm statute, gives Florida jurisdiction, with respect to proceedings for alimony or child support, over any person who resided in the state before or at the time of the commencement of the action. Fla. Stat. § 48.194 governs service of process upon out-of-state defendants in cases such as the one *sub judice*. The statute allows service of process by "any officer authorized to serve process in the state where the person is served" in the same manner as service within Florida could be accomplished.
>
> Service within Florida is governed, for our purposes, by two statutes. Fla. Stat. § 48.021(1) provides, in pertinent part, that "(a)ll process shall be served by the sheriff of the county where the person to be served is found . . . ." § 48.031 goes on from there; and in 1977, when service was made, provided that service could be completed by "delivering a copy of it to the person to be served . . . or by leaving the copies at his usual place of abode with some person of the family who is 15 years of age or older and informing the person of their contents."

**B. KELLEY ENTERS., INC. v. VITACOST.COM, INC.**

[211 N.C. App. 592 (2011)]

Upon examination of the statutes cited above, it appears to this Court that Florida requires service of process within the state to be by the county sheriff or special process server appointed by the county sheriff. Florida carries this requirement over to service of process outside the state, except in certain enumerated situations, by requiring that out-of-state defendants be served by officers rather than postal officials.

*Russ*, 50 N.C. App. at 554, 274 S.E.2d at 260.

We also find guidance in Florida's judicial interpretations of its service of process requirements. In *Takiff By And Through Stateman v. Takiff*, 683 So. 2d 595 (Fla. Dist. Ct. App. 1996), the Florida District Court of Appeal addressed whether out-of-state service had been properly effectuated in Illinois. In *Takiff*, the plaintiff had filed for dissolution of marriage against her husband, the defendant. *Id.* at 596. The defendant lived in Cook County, Illinois, and was served there by a "process server specifically appointed by the Dade [County, Florida] Circuit Court." *Id.* In determining that service was proper, the Florida District Court of Appeal conducted the following analysis:

> Under Illinois law, in Cook County, which has a population of over one million, process must be served "either by a sheriff or by a disinterested person appointed by the court." Ill.Rev.Stat. ch. 110, para. 2-202(a) (1985). The husband successfully argued below that the "court" referred to in that Illinois statute must be an Illinois court. We disagree, and hold that the service in Illinois, concededly performed by a disinterested person, was sufficient. The Dade County Circuit Court had specially appointed the Illinois private investigator to serve the husband, and thus complied with both Florida and Illinois statutory requirements.

*Id.; see also Thompson v. King*, 523 F. Supp. 180, 183 (M.D. Fla. 1981) ("3. Defendant King was personally served in the manner prescribed by Fed.R.Civ.P. 4(d)(1), which parallels the manner of in-state service upon an individual prescribed by Florida law. 4. The Deputy United States Marshal who served King was authorized to serve process within the state of South Carolina. It logically follows from these facts that the manner of effecting service upon the defendant herein was proper.").

Therefore, it appears that Florida's statutes governing service of process require out-of-state service to be carried out by persons

authorized to conduct such service by the laws of the state where the service will occur. N.C. Gen. Stat. § 1A-1, Rule 4(a) (2009), which governs service of process within North Carolina, states that the "proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C.G.S. § 1A-1, Rule 4(h) further provides:

> When proper officer not available.—If at any time there is not in a county a proper officer, capable of executing process, to whom summons or other process can be delivered for service, or if a proper officer refuses or neglects to execute such process, or if such officer is a party to or otherwise interested in the action or proceeding, the clerk of the issuing court, upon the facts being verified before him by written affidavit of the plaintiff or his agent or attorney, shall appoint some suitable person who, after he accepts such process for service, shall execute such process in the same manner, with like effect, and subject to the same liabilities, as if such person were a proper officer regularly serving process in that county.

Service must generally be carried out by the sheriff of the county where service is to occur. While the clerk of the issuing court may appoint an alternative person to carry out service, that "[c]lerk is not required or authorized to appoint a private process server as long as the sheriff is not careless in executing process." *Williams v. Williams*, 113 N.C. App. 226, 229-30, 437 S.E.2d 884, 887 (1994) *aff'd*, 339 N.C. 608, 453 S.E.2d 165 (1995).

There is no evidence in the record that the Clerk of Court for Palm Beach County appointed the process server used in the present case; nor is there any evidence that such an appointment would have been justified by neglect of the sheriff. Rather, the summons was directed to the attention of: "All and Singular the Sheriffs of the State." Thus, in the Florida action, service of process should have been carried out by the Sheriff of Forsyth County—the sheriff in the county where Plaintiff was to be served. Because service of process was not properly executed, the Palm Beach County Circuit Court was not a court of "competent jurisdiction." *See Fender*, 130 N.C. App. at 659, 503 S.E.2d at 708. Therefore, the doctrines of *res judicata* and collateral estoppel do not make the Florida judgment a bar to Plaintiff's complaint. *Sawyers*, 170 N.C. App. at 31, 612 S.E.2d at 194 (Steelman, J. dissenting). We must therefore reverse the trial court's order granting judgment on the pleadings in this action.

Reversed and remanded.

Chief Judge MARTIN and Judge ERVIN concur.